|   |   |
|---|---|
| THE HONORABLE RONALD B. LEIGHTON | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| L.G., MINOR, BY AND THROUGH HIS NEXT FRIENDS G.K. AND J.G.<br><br>Plaintiff,<br><br>v.<br><br>PORT TOWNSEND SCHOOL DISTRICT NO. 50,<br><br>Defendant. | No. C09-5652 RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

THIS MATTER is before the Court for consideration of Plaintiff's Motion for Temporary Restraining Order [Dkt. #2]. The Court has reviewed the materials in support of and opposition to the motion. For the following reasons, the Court GRANTS Plaintiff's Motion for Temporary Restraining Order.

**Background**

Plaintiff L.G. is a high school junior in the Port Townsend School District. L.G. has learning disabilities that cause him difficulty reading, writing, and working at the same speed as other high school juniors. When L.G. is able to listen to all of his materials instead of being forced to read them, he is able to perform at a high level. L.G. receives A's and B's in most of his classes and has passed the 10th grade

WASL test. L.G. receives accommodations through a "504 Plan" that has been in effect since May 17, 2007.[1]

Under L.G.'s 504 Plan, materials are made accessible to him by using "text-to-voice" programs that read his written materials to him. For the 2009-2010 school year, G.K. and J.G. informed the school district that L.G.'s math and chemistry classes would require new, more advanced scanning software because of equations and symbols present in the materials. The school district agreed to scan the math materials, but told G.K. and J.G. at a meeting on September 3, 2009, that they would be responsible for scanning and translating chemistry materials and some history materials. L.G. asserts that this decision constitutes a denial of nondiscriminatory access to education in violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and Article IX, § 1 of the Washington State Constitution.

L.G. asks this Court to issue a Temporary Restraining Order requiring the Port Townsend School District to provide scanned, accessible materials in all of his classes at the same time all other students receive the materials. For the following reasons, the Court GRANTS Plaintiff's Motion for Temporary Restraining Order.

## Discussion

### A. Administrative Exhaustion

A plaintiff seeking any remedy also available under the Individuals with Disabilities Education Act (20 U.S.C. § 1400 et seq) ("IDEA") must exhaust his administrative remedies before bringing his claim before the Court. *Blanchard v. Morton Sch. Dist.,* 420 F.3d 918, 921 (9th Cir. 2005); *see* 20 U.S.C. § 1415(l).[2] Relief also available under the IDEA means relief suitable to remedy the wrong done to the

---

[1] 504 Plans are plans granting accommodations under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

[2] 20 U.S.C. § 1415(l) provides:

Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

plaintiff. *Id*. (citing *Robb v. Bethel Sch. Dist.*, 308 F.3d 1047, 1049).

L.G. seeks a temporary restraining order requiring the defendant to comply with his requests for accommodations under his existing "504" plan. While the defendant claims that because injunctive relief is available under the IDEA, L.G. is required to exhaust his administrative remedies under the IDEA, the IDEA does not provide for enforcement of existing 504 plans. While the IDEA provides relief from incorrect educational placement decisions, Section 504 provides redress for educational discrimination. *See Janet G. v. Haw., Dep't of Educ.*, 410 F.Supp.2d 958, 965 (D.Hi. 2005) (internal quotations omitted). L.G. does not aver that he has been improperly placed or should be in special education. Rather, he seeks enforcement of his existing 504 plan under the Rehabilitation Act. This is a remedy not found under the IDEA. L.G. does not have to exhaust his administrative remedies because no such remedies would be available to him if he were to begin the administrative process.

### B. Temporary Restraining Order

A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, __U.S.__, 129 S.Ct. 365, 374 (2008) (internal citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id*. at 376. The standard for granting a preliminary injunction balances a plaintiff's likelihood of success on the merits against the hardship to the parties. The greater the relative hardship to the moving party, the less probability of success on the merits must be shown. *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Arcamuzi v. Cont'l Airlines, Inc*., 819 F.2d 935, 937 (9th Cir. 1987) (internal citations omitted). However, all four factors are considered together in evaluating whether a preliminary injunction is appropriate. The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction. *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs. Inc.*, 181 F.Supp.2d 1111, 1126 (E.D.Cal. 2001).

#### 1. Likelihood of Success

Both the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA")

42 U.S.C. § 12101 et seq., provide disabled students with protection from discriminatory educational practices. Under the Rehabilitation Act, no "otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance..." Here, L.G. has an existing 504 plan to assure that he has equal access to educational opportunities. The plan requires the school district to provide materials for "scheduled core classes" to L.G. in June in a medium that can be scanned into a voice-to-text format. [Dkt. #4-1, p. 3] Defendant's arguments regarding L.G.'s current success are not relevant to the Court's determination of whether L.G. is likely to succeed on the merits of his claim. Because L.G.'s 504 plan requires his materials to be provided in an accessible format, L.G. has established that there is a reasonable likelihood of success on the merits of his claims.

### 2. Irreparable Harm

The primary purpose of preliminary injunctive relief is to preserve the status quo and prevent irreparable harm before an adjudication on the merits can take place. *See Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009) (internal citations omitted).

Defendant argues that because L.G. is currently a successful student, he will continue to be a successful student if the accommodations already provided to him are removed. Defendant's arguments regarding dissolving L.G.'s current 504 plan and questioning whether the plan helps or harms L.G. are wholly misplaced and unwarranted. L.G. has difficulty reading and writing. The loss of his technological aids could cause L.G. to fail to understand his materials and his teachers. In the absence of an injunction, L.G. may lose the ability to receive instruction in the same way that his fellow classmates can. Once L.G. loses the ability to receive adequate educational instruction, as he might in the absence of an injunction, he cannot get back the days and weeks of sitting in a classroom without being able to follow the materials. L.G. has met his burden of showing that he would suffer irreparable harm in the absence of an injunction.

### 3. Balance of Hardships

In the absence of a preliminary injunction, L.G. would suffer the loss of educational opportunity for an undetermined amount of time until this case is adjudicated on the merits. The defendant would suffer increased costs for scanning L.G.'s materials if the Court were to grant an injunction. Defendant's

arguments that L.G. has shown limited benefit from an injunction are misplaced. While the school district will likely have additional expenses, L.G. will suffer a permanent loss of educational opportunity. The balance of hardships tips in L.G.'s favor.

### 4. The Public Interest

Both the Rehabilitation Act and the Washington State Constitution evidence a clear public policy against discriminatory practices in educational opportunities. While promoting judicial economy is a valid public interest, the procedures found under the IDEA are inapplicable to this case because L.G.'s claims arise under Section 504 of the Rehabilitation Act. Granting a preliminary injunction is in the public interest.

### Conclusion

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order [Dkt. #2] is hereby GRANTED. The Port Townsend School District shall provide L.G.'s materials for all of his scheduled core classes in an accessible format such as the text-to-voice format. The Port Townsend School District shall fully comply with the existing 504 Plan. DEFENDANT is hereby ORDERED to:

1. Provide to Plaintiff all materials for his scheduled core classes in an accessible format, meaning that all materials will be scanned and translated into voice-to-text using the programming most appropriate for that subject. Materials must also be prepared for L.G.'s use if written responses are needed or required using the appropriate programming so L.G. can use word-processing programs to respond appropriately.

2. Provide to Plaintiff all his materials for his scheduled core classes in an accessible format at least at the same time they are provided to the other students in his class.

3. Provide to Plaintiff all accommodations at the expense of the Defendant Port Townsend School District.

4. Provide to Plaintiff all other accommodations included in his existing 504 Plan.

This order shall be ongoing during the pendency of this litigation. The Court retains jurisdiction over this matter in order to assure full compliance of this order.

DATED this 4th day of December, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE